FILED

MAY 24 2018

U.S. DISTRICT COURT
EASTERN DISTRICT OF MO
ST. LOUIS

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) No. S1-4:18CR00267 AGF/DDN |
| OMAR LEIGH, KOLLEY TOURAY, and EBRIMA GABA JOBE, | ) ) ) ) |
| Defendants. | ) ) |

## SUPERSEDING INDICTMENT

The Grand Jury charges:

## COUNT 1

(Conspiracy to Commit Bank and Mail Fraud)

### A. INTRODUCTION

1. Internet services and software that were created for the convenience of the general public may be utilized in order to commit financial fraud.

2. The integrated voice response system, "IVR," is a technological system through which users can access a database of information through the telephone. It requires users to speak or manually input information that the IVR system uses to access the appropriate material in its database. Financial institutions may utilize IVR in order to permit customers to engage in a variety of activities, to include: checking their account balances and conducting financial transactions. In order to ensure that the information is being accessed by the appropriate party,

1

IVR systems may capture the caller's telephone number through a caller identification system, and compare the captured number with the telephone number in its database.

3. Individuals, desiring to exploit financial institutions' IVR systems purchase the personal identifying information of customers of federally insured financial institutions through the Dark Web. The personal identifying information, "PII," included customers' names, social security numbers, account numbers, passwords, dates of birth, addresses, and, telephone numbers.

4. The Dark Web refers to a collection of websites that exist on an encrypted network. When data breaches occur, the stolen PII may be sold through websites located on the Dark Web. Individuals may purchase PII of financial institution customers based upon the financial institution or zip code. They use the location information so that they can focus their attention on customers residing within a particular area.

5. Through use of the PII and software designed to allow a caller to masquerade as someone else by falsifying the number that appears on the recipient's caller ID display, known as "spoofing," the individuals are able to access the financial accounts of the institutions' customers.

6. Once the accounts are accessed, the individuals determine the amount available for cash advances and request that new credit cards and personal identification numbers be sent to the addresses listed on the customers' account profile.

7. Upon receiving requests for the issuance of new cards and personal identification numbers, some financial institutions send messages through electronic mail or through the United States mails confirming that they are processing the orders.

8. If customers respond to the messages, and advise that they have not ordered new cards or personal identification numbers, the financial institutions will stop processing the request.

9. When customers fail to respond to the institutions' confirmation messages, the financial institution will continue processing the request, and send the new cards and personal identification numbers through the United States mails and other interstate carriers.

10. Through tracking systems instituted by the United States Postal Service and interstate carriers, and the Postal Service's "Informed Delivery" program, the individuals are able to determine when the new cards and personal identification numbers would be delivered to the unsuspecting customers. Informed Delivery is a service that allows residential mail customers the ability to preview digital images of mail that is scheduled for delivery.

11. Upon learning that the cards and personal identification numbers are scheduled for delivery, the individuals travel throughout the delivery area stealing the fraudulently obtained items before the customers can retrieve their mail.

12. When they obtain the cards and the personal identification numbers, the individuals travel to automated teller machines, and withdraw funds until the available cash balance is depleted, or the financial institutions suspects that fraudulent activity is being conducted.

## B. CONSPIRACY

13. Beginning on or about June 17, 2017, and continuing to on or about March 16, 2018, in the Eastern District of Missouri and elsewhere, the defendants,

**OMAR LEIGH,**

3

**KOLLEY TOURAY, AND
EBRIMA GABA JOBE,**

and others, known and unknown to the Grand Jury, did knowingly and willfully combine, conspire, confederate and agree with each other and others known and unknown to the Grand Jury, to commit the following offenses against the United States:

    a.    To knowingly execute and attempt to execute a scheme and artifice to defraud and to obtain money, funds, credits, and assets owned by and under the custody and control of a federally insured financial institution, in violation of Title 18, United States Code, Section 1344; and,

    b.    To knowingly use the mails and a private and interstate carrier to execute, and attempt to execute, a scheme and artifice to defraud, in violation of Title 18, United States Code, Section 1341.

## C.   WAYS, MANNER, AND MEANS OF THE CONSPIRACY

The ways, manner and means by which the conspirators intended to defraud a federally insured financial institution, and to use the United States Postal Service, and other interstate carriers to execute the bank fraud scheme, included, but were not limited to, the following:

14. The primary purpose of the conspiracy was for the defendants and others, known and unknown to the Grand Jury, to profit from the use of fraudulently issued credit cards and personal identification numbers by Bank of America, a federally insured financial institution.

15. It was further part of the conspiracy that defendants and others, known and unknown to the Grand Jury, fraudulently induced Bank of America to issue, and send through

the mails and private and interstate carriers, credit cards and personal identification numbers to its customers.

16. It was further part of the conspiracy that defendants and others, known and unknown to the Grand Jury, stole the fraudulently issued credit cards and personal identification numbers from the mailboxes of Bank of America's customers.

17. It was further part of the conspiracy that defendants and others, known and unknown to the Grand Jury, used the fraudulently issued credit cards and personal identification numbers to initiate cash advances drawn upon the customers' financial accounts at automated teller machines without the knowledge and authority of the customers.

All in violation of Title 18, United States Code, Section 1349.

## COUNTS 2 THROUGH 5

(Bank Fraud)

The Grand Jury realleges the facts set forth in paragraphs 1 through 12 of Count 1 as if fully set forth herein.

### A. BANK OF AMERICA

18. At all times relevant to the indictment, Bank of America had assets insured by the Federal Deposit Insurance Corporation.

### B. THE SCHEME TO DEFRAUD

19. Between on or about June 17, 2017, and March 9, 2018, within the Eastern District of Missouri and elsewhere, the defendants,

**OMAR LEIGH,
KOLLEY TOURAY, AND
EBRIMA GABA JOBE,**

being aided, abetted, counseled and induced by one another and persons known and unknown to the Grand Jury, devised a scheme and artifice to obtain moneys, funds, credits, and assets owned by and under the custody and control of a federally insured financial institution by means of false and fraudulent pretenses and representations.

20. The scheme and artifice to defraud was in substance as follows:

   a. It was part of the scheme and artifice to defraud that defendant **OMAR LEIGH** specified particular zip codes when purchasing stolen PII of Bank of America customers from the Dark Web;

   b. It was further part of the scheme and artifice to defraud that defendant **OMAR LEIGH** used Bank of America's IVR system and spoofing software to order the issuance of new credit card and personal identification numbers of one and more of Bank of America's customers.

   c. It was further part of the scheme and artifice to defraud that defendants **OMAR LEIGH, KOLLEY TOURAY,** and **EBRIMA GABA JOBE** stole the fraudulently issued credit cards and personal identification numbers from the mailboxes of Bank of America customers.

   d. It was further part of the scheme and artifice to defraud that defendants **OMAR LEIGH, KOLLEY TOURAY,** and **EBRIMA GABA JOBE** used the fraudulently issued and stolen credit cards and personal identification numbers to obtain cash advances drawn against the financial accounts of Bank of America customers.

C.  **THE FINANCIAL TRANSACTIONS**

21. On or about the dates listed below, within the Eastern District of Missouri and elsewhere, the defendants,

**OMAR LEIGH
AND
KOLLEY TOURAY,**

being aided, abetted, counseled and induced by one another and persons known and unknown to the Grand Jury, executed and attempted to execute the scheme and artifice as set forth above, in that the defendants used the fraudulently issued credit card and personal identification number in order to obtain a cash advance drawn upon the Bank of America account of the person listed below from a Bank of America automated teller machine:

| **COUNT** | **DATE** | **ACCOUNT HOLDER** | **ATM LOCATION** | **CASH ADVANCE** |
|---|---|---|---|---|
| 2 | March 5, 2018 | H.L.L. | Olivette | $800.00 |
| 3 | March 5, 2018 | C.E. | Warson Woods | $800.00 |
| 4 | March 10, 2018 | R.N. | Chesterfield | $800.00 |
| 5 | March 12, 2018 | L.R. | Ballwin | $600.00 |

In violation of Title 18, United States Code, Section 1344 and 2.

**COUNT 6**

(Bank Fraud)

The Grand Jury realleges the facts set forth in paragraphs 1 through 12 of Count 1 and paragraphs 18 through 21 of Counts 2 through 5 as if fully set forth herein.

## C. THE FINANCIAL TRANSACTIONS

22. On or about March 5, 2018, within the Eastern District of Missouri and elsewhere, the defendant,

**EBRIMA GABA JOBE,**

being aided, abetted, counseled and induced by one another and persons known and unknown to the Grand Jury, executed and attempted to execute the scheme and artifice as set forth in Counts 2 through 5, in that the defendant used the fraudulently issued credit card and personal identification number in order to obtain from a Bank of America automated teller machine four cash advances totaling $3,000.00 drawn upon the Bank of America account of C.B.

In violation of Title 18, United States Code, Sections 1344 and 2.

## COUNT 7

(Possession of Stolen Mail)

The Grand Jury realleges the facts set forth in paragraphs 1 through 12 of Count 1 as if fully set forth herein.

23. On or about March 5, 2018, within the Eastern District of Missouri, the defendants,

**EBRIMA GABA JOBE,**

aided, abetted, counseled and induced persons known and unknown to the Grand Jury, did receive, conceal, and unlawfully have in his possession mail which had been stolen and taken from a mail route and mail carrier, then knowing the articles to have been stolen and taken.

In violation of Title 18, United States Code, Sections 1708 and 2.

## COUNT 8

(Possession of Stolen Mail)

The Grand Jury realleges the facts set forth in paragraphs 1 through 12 of Count 1 as if fully set forth herein.

24. On or about March 12, 2018, within the Eastern District of Missouri, the defendants,

**OMAR LEIGH
AND
KOLLEY TOURAY,**

being aided, abetted, counseled and induced by one another and persons known and unknown to the Grand Jury, did receive, conceal, and unlawfully have in their possession mail which had been stolen and taken from a mail route and mail carrier, then knowing the articles to have been stolen and taken.

In violation of Title 18, United States Code, Sections 1708 and 2.

## COUNT 9

(Access Device Fraud)

The Grand Jury realleges the facts set forth in paragraphs 1 through 12 of Count 1 as if fully set forth herein.

25. Between on or about March 5, 2018 and continuing to on or about March 12, 2018, in the Eastern District of Missouri, the defendants,

**OMAR LEIGH AND
KOLLEY TOURAY,**

being aided, abetted, counseled and induced by persons known unknown to the Grand Jury, in a matter affecting interstate commerce, did knowingly and with intent to defraud use, and attempt to use, unauthorized access devices, that is: credit card numbers and personal identification numbers issued to others that were obtained fraudulently, to obtain cash with an aggregate value exceeding $1,000.00, that being $16,700.00.

In violation of Title 18, United States Code, Sections 1029(a)(2), (b)(1), and 2.

## COUNT 10

(Access Device Fraud)

The Grand Jury realleges the facts set forth in paragraphs 1 through 12 of Count 1 as if fully set forth herein.

26. On or about March 5, 2018, in the Eastern District of Missouri, the defendant,

**EBRIMA GABA JOBE,**

being aided, abetted, counseled and induced by persons known unknown to the Grand Jury, in a matter affecting interstate commerce, did knowingly and with intent to defraud use, and attempt to use, unauthorized access devices, that is: a credit card number and personal identification number issued to C.B. that were obtained fraudulently, to obtain cash with an aggregate value exceeding $1,000.00, that being $3,000.00.

In violation of Title 18, United States Code, Sections 1029(a)(2), (b)(1), and 2.

## COUNTS 11 THROUGH 15

(Aggravated Identity Theft)

The Grand Jury realleges the facts set forth in paragraphs 1 through 12 of Count 1 as if fully set forth herein.

27. On or about the dates listed below, within the Eastern District of Missouri, the defendant,

**OMAR LEIGH,**

aided, abetted, counseled and induced persons known and unknown to the Grand Jury, did knowingly possess, transfer, and use, without lawful authority, a means of identification of the individuals listed below, to wit, their names, account numbers, and personal identification numbers, during and in relation to the commission of the felony offenses of: mail fraud, Title 18, United States Code, Section 1341; wire fraud, Title 18, United States Code, Section 1343; bank fraud, Title 18, United States Code, Section 1344; and, access device fraud, Title 18, United States Code, Section 1029(a)(2):

| COUNT | DATE | VICTIM | TOTAL CASH ADVANCE |
|---|---|---|---|
| 10 | March 5, 2018 | H.L.L. | $3,000.00 |
| 11 | March 5, 2018 | C.E. | $1,600.00 |
| 12 | March 10, 2018 | R.N. | $6,000.00 |
| 13 | March 12, 2018 | L.R. | $3,100.00 |
| 14 | March 12, 2018 | S.K. | $3,000.00 |

In violation of Title 18, United States Code, Sections 1028A and 2.

## COUNT 15

(Aggravated Identity Theft)

The Grand Jury realleges the facts set forth in paragraphs 1 through 12 of Count 1 as if fully set forth herein.

27. On or about March 5, 2018, in the Eastern District of Missouri, the defendant,

**EBRIMA GABA JOBE,**

did knowingly possess, transfer, and use, without lawful authority, a means of identification, that being the name, account number, and personal identification number of C.B., during and in relation to the commission of the felony offenses of: mail fraud, Title 18, United States Code, Section 1341; wire fraud, Title 18, United States Code, Section 1343; bank fraud, Title 18, United States Code, Section 1344; and, access device fraud, Title 18, United States Code, Section 1029(a)(2).

In violation of Title 18, United States Code, Sections 1028A and 2.

## FORFEITURE ALLEGATION

The Grand Jury further finds by probable cause that:

1. Pursuant to Title 18, United States Code, Sections 982(a)(2), upon conviction of any of the offenses in violation of Title 18, United States Code, Sections 1344 or 1349 as set forth in Counts 1 through 6, the defendants shall forfeit to the United States of America any property constituting, or derived from, proceeds obtained, directly or indirectly, as a result of such violations. Also subject to forfeiture is a sum of money equal to the total value of any property constituting, or derived from, proceeds obtained, directly or indirectly, as a result of

such violations.

2. Pursuant to Title 18, United States Code, Sections 981(a)(1)(C) and Title 28, United States Code, Section 2461, upon conviction of any of the offenses in violation of Title 18, United States Code, Sections 1349 or 1708 as set forth in Counts 1 and 6, the defendants shall forfeit to the United States of America any property, real or personal, which constitutes or is derived from proceeds traceable to such violation. Also subject to forfeiture is a sum of money equal to the total value of any property, real or personal, which constitutes or is derived from proceeds traceable to such violation.

3. Pursuant to Title 18, United States Code, Sections 982(a)(2) and 1029(c)(1)(C), upon conviction of an offense in violation of Title 18, United States Code, Sections 1029 as set forth in Count 7, the defendants shall forfeit to the United States of America any property constituting, or derived from, proceeds obtained, directly or indirectly, as a result of such violation, and any personal property used or intended to be used to commit the offense. Also subject to forfeiture is a sum of money equal to the total value of any property constituting, or derived from, proceeds obtained, directly or indirectly, as a result of such violations.

4. Specific property subject to forfeiture includes, but is not limited to, the following:

    a. 2009 Porsche Cayenne, VIN # WP1AA29P49LA11851

5. If any of the property described above, as a result of any act or omission of the defendants:

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third party;

    c. has been placed beyond the jurisdiction of the court;

d.   has been substantially diminished in value; or

e.   has been commingled with other property which cannot be divided without difficulty,

the United States of America will be entitled to the forfeiture of substitute property pursuant to Title 21, United States Code, Section 853(p).

A TRUE BILL.

_____
FOREPERSON

JEFFREY B. JENSEN
United States Attorney

_____
TRACY BERRY, #014753 TN
Assistant United States Attorney